Walker v Miner (2019 NY Slip Op 06820)





Walker v Miner


2019 NY Slip Op 06820


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2017-07239
 (Index No. 3848/12)

[*1]Beverly Walker, respondent,
v
Ian M. Miner, appellant.


Abamont and Associates (Law Office of David S. Klausner PLLC, White Plains, NY [Stephen Slater], of counsel), for appellant.
Stuart R. Shaw, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Genine E. Edwards, J.), dated April 4, 2017. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries that she allegedly sustained in a motor vehicle collision. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated April 4, 2017, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals from so much of the order as denied his motion.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). He submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219; Torres v Rettaliata, 171 AD3d 829, 830).
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court